# ALEXANDER R. O'NEIL as Receiver for the Central San Cristobal, Inc., Complainant,

*v.*

# MANUEL DEL VALLE ATILES AND HIS WIFE, MARIA BUSO Y HERNANDEZ, Dfts.

San Juan, Equity, No. 956.

### OPINION ON THE MERITS.

Lease Assignment.

1. Under the Porto Rican laws a lease cannot be assigned without the assent of the lessor (see Semidey v. Central Aguirre, 7 Porto Rico Fed. Rep. 572); but a right to purchase can be assigned.

Specific Performance.

2. Specific performance of a contract to purchase will be decreed where certain lands have been leased with the right of purchase, and rent has been paid by the assignee of the lessee, and accepted without protest by the lessor. The lease and the right of purchase formed one contract, embracing a real right which could be assigned.

Estoppel.

3. The lessor of certain lands with the right to purchase is estopped to deny this right where he has allowed houses to be built upon the property, which by their structure seem designed to outlast the lease. It seems they are permanent improvements.

Opinion filed July 28, 1915.

*Mr. Chas. Hartzell* for complainant.

*Mr. Frank Antonsanti* for defendants.

O'Neil v. Atiles.

HAMILTON, Judge, delivered the following opinion:

This is a bill to enforce specific performance of a contract of purchase. It seems that the Central San Cristobal, or one of the corporations connected with that central, purchased certain lands outright from the Del Valles and leased certain other lands, there being attached to the lease the right of purchase. There were several changes of ownership of the central, several changes of form of the corporation, but the rent was paid from time to time, and accepted. It has been paid by the receiver several times. The Del Valles were perfectly aware of the change of corporation or change of management, and accepted rent at all times without any protest whatever.

The question comes up now on the refusal of the Del Valles to carry out the other part of the contract which allows a purchase. It is all in one contract. They set up that this was a personal contract between them and the original central making the contract, and that it is a matter that cannot be assigned, and they now decline to allow the purchase.

1. In the first place, it seems to be a fact under the Porto Rican laws that a lease cannot be assigned without the assent of the lessor. There are reasons for it which are gone over in the Semidey-Aguirre Case, 7 Porto Rico Fed. Rep. 572. So the point might on its face be well taken that there could not be this assignment; but the exception is that there can be an assignment when it is assented to by the lessor. The facts of this case seem to show an assent in every way. Payment of rent is a very common, perhaps the most common, and the most striking, mode of waiving the question of assignment of a lease. That has been done all through the period of this contract.

O'Neil v. Atiles.

2. In the second place, however, it has been urged that the right to purchase stands on a different footing from the lease, and that it is not waived by accepting the rent under the lease. I do not think that contention can be sustained. It is one contract. The right to purchase, so far as appears, was just as much a part of it, perhaps as important or more important than the lease part. Besides, a right to purchase, it would seem, can be assigned. That is a real right, and if one sells a piece of land and the vendee can turn around and sell the land to whom he pleases, which of course is common practice, there seems to be no reason why another real right in land cannot be treated in the same way. At all events, it was one contract.

3. In the third place, it would seem as if the defendants are estopped by their conduct. They allowed houses to be built upon the property, which by their structure seem designed to outlast the time of the lease. It seems that they were permanent improvements.

So that upon several grounds it would seem that the plaintiff has made out his case, and a decree will be entered in favor of the plaintiff.